## Case No. 3,085.

### In re CONANT.

District Court, S. D. New York. July 7, 1862.

SETTING ASIDE SALE BY ASSIGNEE IN BANK-RUPTCY.

## Case No. 3,086.

### In re CONANT.

[5 Blatchf. 54.][1]

Circuit Court, S. D. New York. May 19, 1862.

LIMITATION OF SUITS AGAINST ASSIGNEE IN BANK-RUPTCY.

1. The two years' limitation in regard to the bringing of suits by or against an assignee of a bankrupt, prescribed in the 8th section of the bankruptcy act of August 19, 1841 (5 Stat. 446), applies only to suits growing out of disputes in respect to property and rights of prop-

erty of the bankrupt, which come to the hands of the assignee, and to which adverse claims existed while in the hands of the bankrupt and before the assignment.

[Cited in Smith v. Crawford, Case No. 13,030; Walker v. Towner, Id. 17,089.]

2. Such limitation has no reference to suits growing out of the dealings of the assignee with the estate after it comes into his hands.

[Cited in Phelan v. O'Brien, 13 Fed. 657.]

This was a question adjourned into this court by the district judge, for hearing and determination, under the 6th section of the bankruptcy act of August 19, 1841 (5 Stat. 445). A petition was filed in the district court, by M. T. Taggart and others, for the purpose of vacating an order made on behalf of the general assignee of Frederick J. Conant, a bankrupt, for the sale of a certain lot of land in the state of Illinois, as belonging to the estate of the bankrupt, on the ground that it was made through inadvertence and misapprehension of a true statement of the facts, without notice to the petitioners or to the person whom they represent, and to his or their prejudice. The purchaser of the lot under the sale by the assignee appeared and opposed the petition. The petitioners claimed title to the lot under a prior sale, by an order of the chancellor of the state of New York, upon a creditor's bill.

[For a statement of the facts in the case in the district court, see Case No. 3,085, next preceding.]

NELSON, Circuit Justice. It is not important to state the facts relied on in the petition, to maintain it upon the merits, as the only question which has been adjourned to this court by the district court for decision is, whether or not the short bar of two years' limitation to suits, prescribed in the 8th section of the bankruptcy act, applies to the case. That section provides, that the circuit court shall have concurrent jurisdiction with the district court of all suits at law and in equity, which may and shall be brought by any assignee of the bankrupt, against any person or persons claiming an adverse interest, or by such person against such assignee, touching any property, or rights of property, of said bankrupt, transferable to, or vested in, such assignee; and no suit at law or in equity shall, in any case, be maintainable by or against such assignee, or by or against any person claiming an adverse interest touching the property and rights of property aforesaid, in any court whatsoever, unless the same shall be brought within two years after the declaration and decree of bankruptcy, or after the cause of suit shall first have accrued.

It is obvious, from a careful perusal of this section, that the limitation applies only to suits growing out of disputes in respect to property and rights of property of the bankrupt which come to the hands of the assignee, and to which adverse claims existed

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

while in the hands of the bankrupt, and before the assignment. These disputes or claims affect the assets of the bankrupt, and an adjustment of them either by compromise or suit is indispensable to a settlement and distribution of the estate among the creditors. A short bar, by limitation, to suits brought either by the assignee or the adverse claimant, furnishes a fit and appropriate remedy against delay, where compromise is impracticable. The last clause of the section seems conclusive in favor of this construction. The time from which the two years' limitation begins to run, is the date of the declaration and decree of bankruptcy, or if the cause of action had not then accrued, two years after it had. The first clause of the limitation could apply only to adverse claims existing before the assignment, and the second applies to the same, but provides for the case where the right to institute the suit did not accrue till after the date of the decree. The limitation has no reference to suits growing out of the dealings of the assignee with the estate after it comes into his hands. These are matters for which he may be made personally responsible, and no reason existed for changing the general period of limitation any more than in the case of any other trustee dealing with trust property. There certainly could be no reason for applying the short term in favor of persons dealing with the assignee in respect to the estate of the bankrupt after it comes into his hands, and the statute makes the limitation mutual.

I am of opinion that the limitation in the 8th section of the statute does not apply to the case presented, and shall direct it to be so certified to the district court.

[NOTE. The decree of the district court subsequently made (July 7, 1862) vacated the order directing the assignee to sell. also the assignee's deed to the purchaser, and directed the deed to be delivered up for cancellation. See Case No. 3,085, next preceding.]