## Case No. 12,610.

### SEDGWICK v. CASEY.

[4 Ben. 562;[1] 4 N. B. R. 496 (Quarto, 161); 3 Chi. Leg. News, 177.]

District Court, S. D. New York. Feb. 21, 1871.

BANKRUPTCY — SUIT BY ASSIGNEE — STATUTE OF LIMITATIONS—ADVERSE INTEREST.

1. An assignee in bankruptcy filed a bill in equity against C., to recover from him moneys alleged to be due on an agreement made by C. with the bankrupts. The defendant pleaded that the cause of action had not accrued within two years before the commencement of the suit, and that the defendant did not, at any time within two years after the cause of action accrued to the plaintiff against the defendant, make any acknowledgment or promise to come to any account for, or to pay or in any way satisfy the plaintiff in any sum or sums of money, for or by reason of anything alleged in the bill. The plaintiffs demurred to the plea. Held, that the limitation provided in the second section of the bankruptcy act [of 1867 (14 Stat. 518)] had no application to the suit, it being a suit merely to collect a debt in which the plaintiff claimed no interest adverse to the defendant, in any property of the bankrupts, and the defendant claimed no interest adverse to the plaintiff in any such property, and

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

no ownership of, or title to. any specific property which belonged to the bankrupts.

[Cited in Re Krogman. Case No. 7,936; Davis v. Anderson, Id. 3,623; Bachman v. Packard, Id. 709; Norton v. Barker, Id. 10,349; Smith v. Crawford, Id. 13,030; Walker v. Towner, Id. 17,089.]

[Cited in Beeson v. Shively, 28 Kan. 580.]

2. That limitation of two years, moreover, applied only to controversies of which the circuit court would have jurisdiction, and the circuit court of this district would have no jurisdiction of this suit. The plea, therefore, must be overruled.

[This was a bill by John Sedgwick, assignee in bankruptcy of John M. Berrian and others, against Henry H. Casey.]

T. M. North, for plaintiff.

A. R. Dyett and G. A. Seixas, for defendant.

BLATCHFORD, District Judge. This is a bill in equity to recover from the defendant money alleged to be due to the plaintiff on an asset of the bankrupts, namely, an agreement made by the defendant with the bankrupts, to pay them, as salaries for their services as clerks, certain portions of the net profits which should be realized from the business carried on by the defendant, and in prosecuting which the bankrupts were so employed as clerks, such payments to be made as soon after the terminations of their clerkships as there should be funds sufficient to discharge the liabilities of the business, and pay such profits. The agreement provided that the bankrupts should have no interest in the stock or property of the defendant's business. The bill prays for an account by the defendant, he having all the books and papers from which such profits can be ascertained, and for a discovery of such books and papers, and for the payment of what shall be found due on such accounting.

The defendant pleads to the bill, that the cause of action did not accrue within two years before the commencement of the action, and that the defendant did not, at any time within two years after the cause of action accrued to the plaintiff against the defendant, make any acknowledgment or promise to come to any account for, or to pay or in any way satisfy the plaintiff in, any sum or sums of money, for or by reason of anything alleged in the bill.

This plea of the statute of limitations is evidently supposed to be warranted by the second section of the bankruptcy act, which provides, that no suit at law or in equity shall, in any case, be maintainable by an assignee in bankruptcy, against any person claiming an adverse interest touching any property or rights of property of the bankrupt, transferable to or vested in such assignee, in any court whatsoever, unless the same shall be brought within two years from the time the cause of action accrued to the assignee. This suit does not fall within that provision. It is a suit merely to collect a debt or enforce the payment of money due on a contract. The plaintiff does not claim an interest adverse to

the defendant in or touching any property or right of property of the bankrupts, transferable to or vested in the plaintiff as their assignee, nor does the defendant claim any interest adverse to the plaintiff, in or touching any such property, or right of property. The defendant claims no ownership of, or title to, the debt or contract which the plaintiff is seeking to enforce against the defendant. Nor does the plaintiff claim any ownership of, or title to, any specific property or right of property, as having passed to him by virtue of his appointment, which the defendant also claims to own. Nor does the defendant claim any ownership of, or title to, any specific property which belonged to the bankrupts. The limitation of two years applies only to such controversies. Moreover, it applies to controversies of which, by the same second section, the circuit court of the district has concurrent jurisdiction with the district court of the same district. The circuit court of this district would have no jurisdiction of this suit.

The plea is overruled, with costs, and the defendant is allowed to answer the bill within twenty days.