## Case No. 709.

### BACHMAN v. PACKARD.

[2 Sawy. 264;[1] 7 N. B. R. 353; 4 Pac. Law Rep. 193.]

Circuit Court, D. Oregon. Nov. 18, 1872.

CONCURRENT JURISDICTION OF CIRCUIT AND DISTRICT COURTS — ORIGINAL JURISDICTION OF DISTRICT COURTS.

1. The concurrent jurisdiction conferred upon the circuit court by section 2 of the bankrupt act is limited to cases where there is a controversy concerning the right to, or some interest in, some specific thing between the assignee and a third person, and does not include an action to collect a simple debt.

[Distinguished in Brooke v. McCracken, Case No. 1,932. Approved in Smith v. Craw-

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

ford, Id. 13,030. Disapproved in Walker v. Towner, Id. 17,089.]

2. The district courts have original jurisdiction of all cases and controversies between third persons and the assignee in bankruptcy as such.

[Cited in Olney v. Tanner, 10 Fed. 104.]

At law. This action was commenced on May 30, 1872, by the plaintiff as assignee in bankruptcy of the partnership and undivided estates of M. S. Hart, E. K. Packard and W. H. Moulthrop, doing business as M. S. Hart & Co., to recover a sum of money alleged to be due upon a promissory note made by the defendant on February 3, 1870, to said Hart or order, for $800 in gold coin, with interest at twelve per centum per annum.

It appears from the complaint that the partnership of M. S. Hart & Co. was duly adjudged bankrupt in this court on February 6, 1872, and that on the nineteenth of the same month plaintiff was duly chosen assignee of said estate.

Defendant demurred to the complaint, and assigned for cause that "the court has not jurisdiction of the subject of the action." [Demurrer sustained.]

John W. Whalley, for plaintiff.
Richard Williams, for defendant.

DEADY, District Judge. The question made upon the argument of the demurrer turns upon the construction to be given to the following clause of section 2 of the bankrupt act [of March 2, 1867; 14 Stat. 517, c. 176.]

"Said circuit courts shall also have concurrent jurisdiction with the district courts of the same district of all suits at law or in equity, which may or shall be brought by the assignee in bankruptcy against any person claiming an adverse interest, or by such person against such assignee, touching any property or rights of property of said bankrupt transferable to, or vested in, such assignee."

Is the defendant in this action a "person claiming an adverse interest * * * touching any property or rights of property of said bankrupt," etc.? If he is not, the court has no jurisdiction. and the demurrer is well taken.

For a better understanding of the subject reference may be had to section 1 of the act, defining the jurisdiction of the district courts. From this it appears that such jurisdiction not only extends "to all matters and proceedings in bankruptcy," strictly speaking, but in effect, "to all cases and controversies" consequent upon the proceeding in bankruptcy, and until the close thereof.

The clause quoted from section 2 of the act does not give the circuit courts concurrent jurisdiction with the district courts of "proceedings in bankruptcy," but only "of all suits at law or in equity" brought by or against an assignee in bankruptcy concerning certain property and rights of property. And

this tends to·show further that congress did not intend to hereby give the circuit courts jurisdiction of any or all suits at law or in equity, by or against an assignee, as it is conceded it had already done in the case of the district courts. Goodall v. Tuttle, [Case No. 5,533.] Otherwise there would have been no use of the qualification that one party or the other to the suit in the circuit court must be one "claiming an adverse interest" in or "touching the property or rights of property * * * vested in the assignee."

In such case the clause would most natu-·rally have read: Said circuit courts shall also have concurrent jurisdiction with the district courts of the same district of all suits at law or in equity which may be brought by or against the assignee in bankruptcy, as such —or "under and in virtue of the bankruptcy." From this view of the matter it appears more than probable that the concurrent jurisdiction of the circuit courts was intended to include only a certain class of suits by or against an assignee, as such, and that therefore it is a matter to be ascertained whether this action is within this class or not.

This action is one brought to recover a simple debt due the estate—a means of collecting an asset of the bankrupt. So far as appears, the debtor does not deny the debt, but simply neglects to pay it according to his promise. He either owes the debt or he does not. In the first case, he certainly cannot claim an adverse interest in it or anything concerning it, as against the plaintiff; and in the second case, there being no debt, nothing exists in which any one can have or claim an interest.

The sum which it appears the defendant owes, and the plaintiff seeks to recover is not any specific money or property. At present, the assignee only has a right of action against the defendant, whereby he seeks to judicially establish the existence of the alleged debt, and thus be enabled to enforce its collection out of any property which the defendant may then have subject to seizure and sale on execution.

The term "interest," as used in the act, signifies an estate, share or part, and a suit to be maintained in the circuit court by or against an assignee must be concerning some property or right of property derived from the bankrupt, and in which it must appear, that one party or the other claims an interest, adversely to, that is, against the other.

In this case, the defendant does not appear to claim any interest in the debt alleged to be due the plaintiff, and as has been shown, it is impossible in the nature of things that he should have such interest.

I should not have considered it necessary, in deciding this question, to do more than state it, and cite the act upon which the plaintiff relies, but for certain decisions made under a precisely similar clause in the act of 1841.

In Mitchell v. Great Works M. & M. Co.,

[Case No. 9,662,] Mr. Justice Story held that the circuit court had jurisdiction of a suit in equity to recover a debt. The case before the court was a suit for an account by the assignee. It appears that the principal question in the case was, whether any national court had jurisdiction. The court proceeds at length to show that congress did not intend to leave the administration of the bankrupt system to the state courts, but that the district courts·-had ample jurisdiction for all purposes of the act, including "the jurisdiction to entertain all suits, to adjust all adverse claims, and to collect all outstanding debts," and thence concludes that the circuit courts have the same. The reasoning in support of this latter conclusion is brief, and, to my mind, unsatisfactory. It rests mainly upon the mere assumption that an "adverse party" in an action to recover a debt is necessarily a party claiming "an adverse interest" in property or a right of property derived from the bankrupt.

In McLean v. Lafayette Bank, [Case No. 8,885,] Mr. Justice McLean held that under the act of 1841, the concurrent jurisdiction of the circuit courts "reaches every possible controversy which can arise in the collection and distribution of the effects of the bankrupt." This conclusion is simply an arbitrary deduction from the fact that such jurisdiction was vested in the district courts.

It is also to be ·noted in this case as in Mitchell v. Great Works M. & M. Co., supra, that the principal question made before the court was not whether the circuit or district courts had jurisdiction, but whether the jurisdiction did not belong to the state court: and that the opinion was given in a suit in equity by the assignee against parties claiming liens upon the property of the bankrupt, which the assignee alleged were obtained in fraud of the bankrupt law, and which were then being enforced in the state court. If the district court had jurisdiction, undoubtedly the circuit court had also. It was not a mere action for the collection of a simple·debt, but a suit to ascertain and adjust adverse claims to specific property. These are the only authorities that have been found to support the position of the plaintiff that this court had jurisdiction of this action. Notwithstanding my respect for the learned and great judges who gave these opinions, I cannot concur with them, and am satisfied that in this respect they spoke inadvertently and without due consideration. Neither have· these opinions been followed by any of the judges before whom this question has arisen under the bankrupt act of 1867. In Bump,· Bankr. (4th Ed.) 291, the cases of Morgan v. Thornhill, [11 Wall. (78 U. S.) 65;] Woods v. Forsyth, [Case No. 17,992,] and In re Alexander, [Id. 160,] are cited, as deciding that controversies to be cognizable under the concurrent jurisdiction clause of section two in the circuit courts "must nave respect to some property or right of property of the bank-

rupt, transferable or vested in the assignee," and the suit "must be in the name of one of two parties described in this clause and against the other;" and that such jurisdiction "is confined to cases in which there is a disputed title or claim to property or assets adverse to that of the assignee is set up. The circuit courts cannot entertain suits brought by the assignee to collect debts due to the bankrupt estate."

Goodall v. Tuttle, supra, was like this, an action to recover a debt due the bankrupt. In the course of a learned and able opinion upon the question whether a district court other than the one where the bankruptcy proceedings are pending can take jurisdiction of an action by the assignee to collect assets of the bankrupt, Hopkins, J., says: "That section two clothes the circuit court with concurrent jurisdiction with the district courts in certain (not all) cases arising under the act, but not of the character of this case."

In Sedgwick v. Casey, [Case No. 12,610,] Blatchford, J., held that a suit to collect a debt did not come within this clause, and therefore was not within the limitation of two years made applicable to suits of which the circuit court has concurrent jurisdiction.

In my judgment this action is not within the letter of the clause or reason of it. The defendant is not a person claiming an adverse interest, as against the assignee, touching any property of the bankrupt involved in this action, neither does the plaintiff claim any such interest as against him. The jurisdiction of the action is vested in the district court. If it had been intended to confer the same jurisdiction upon the circuit and district courts in all suits at law or in equity which might be brought by or against the assignee, as distinguished from the summary proceedings which take place in the court of bankruptcy proper, and to which creditors are deemed to be parties, it was only necessary to say so in so many words. But the act, after giving the district courts unlimited jurisdiction in this respect, confers concurrent jurisdiction upon the circuit courts specially, and in language which cannot be fairly construed to include other than a certain class of suits, as controversies growing out of conflicting claims to, or interests in, some specific property or thing. In such cases congress deemed the matter of so much importance as to permit the plaintiff to commence his suit in the circuit court in the first instance. But in the matter of the collection of a debt, original jurisdiction is confined to the district courts, with the right of appeal to the circuit court, "when the debt or damages claimed amount to more than five hundred dollars." See section 8, Bankruptcy Act, [March 2, 1867; 14 Stat. 517, c. 126.]

The demurrer is sustained.