HARVEY, Assignee, etc., *v.* GAGE.

*(Circuit Court, N. D. Illinois. June 20, 1887.)*

BANKRUPTCY—STATUTE OF LIMITATIONS—SECTION 5057, REV. ST.

Section 5057, Rev. St., provides that no suit, either at law or in equity, shall be maintainable between an assignee in bankruptcy and a person claiming an adverse interest touching any property transferable to or vested in said assignee, unless such suit be brought within two years from the time when such cause of action accrued for or against such assignee. *Held,* where the defendant obtained two tax deeds made and recorded in 1877 and 1880. to property of which the plaintiff as an assignee in bankruptcy had become seized in 1873. that a suit to set aside said deeds, commenced by the plaintiff as such assignee in 1886, was not maintainable, it not having been brought within two years from the time the cause of action accrued.

*George A. Du Puy,* for complainant.
*A. N. Gage,* for defendant.

BLODGETT, J. The bill in this case charges that complainant was, on the 1st day of December, 1873, by an order of this court sitting as a court of bankruptcy, duly appointed assignee of the Franklin Bank, a corporation organized and doing business in the state of Illinois, and under the laws of this state, which had been before that time duly adjudged bankrupt in this court; that he duly qualified as such assignee, and has since been discharging the duties of said office; that, by virtue of his said office as assignee, complainant became seized of a lot of land, which is specifically described in the bill, and is now in the actual possession of said lot; that the defendant, Henry H. Gage, holds two tax deeds upon the said lot, the first of which was issued to him by the county clerk of Cook county on or about the tenth day of February, 1877, and the other of said tax deeds was issued to him by said clerk on or about the nineteenth day of April, 1880. The bill also contains averments show-

ing that said tax deeds had been given in pursuance of tax sales for the non-payment of taxes which had been assessed on said lot since the appointment of the complainant as such assignee; and also contains divers allegations and averments, charging that said taxes were illegally assessed; and that said tax titles, which have accrued in pursuance thereof, are void by reason of various illegal proceedings which are charged; and that said tax deeds have been duly recorded upon the record of land titles in the county where said land is situated, so that said deeds are a cloud upon complainant's title to said property; and prays that, by reason of the illegality of said taxes, and the irregularity of the proceedings whereby said deeds were obtained, said deeds may be set aside, and declared inoperative as against complainant's title.

The defendant has appeared, and pleaded, in substance, that the only title which complainant has in and to the property in question was acquired by him as such assignee in bankruptcy; and averring that the defendant has become the owner in fee-simple of the said real estate by virtue of said tax deeds; and that, ever since said deeds were issued to him, he has claimed title to said property in fee-simple adverse to that of the said complainant; and that he has held his said title so adversely to the said complainant ever since the date of said deeds, respectively; and therefore insists and pleads that the right of action stated in complainant's bill did not accrue within two years before the bill was filed; and that by section 5057, Rev. St. U. S., it is provided that "no suit, either at law or in equity, shall be maintainable in any court between an assignee in bankruptcy and a person claiming an adverse interest touching any property transferable to or vested in said assignee, unless such suit be brought within two years from the time when such cause of action accrued for or against such assignee;" and pleads such statute and said matters in bar to said bill of complaint. The sufficiency of this plea has been argued before the court, the complainant insisting that, inasmuch as the cloud complained of in the bill did not exist at the time the complainant's title became vested in him, but accrued upon the title since the complainant became clothed with it, the bar pleaded is not operative as against him.

I am clearly of opinion that the matter pleaded sets up a full and complete answer to the complainant's case. *Banks* v. *Ogden,* 2 Wall. 57; *Phelan* v. *O'Brien,* 13 Fed. Rep. 656. The obvious object of the bankrupt act, and of the provision contained in section 5057, is to secure celerity in the administration and closing up of bankrupt estates; hence it is made the duty of the assignee to proceed within two years to remove any clouds upon the title, or contest any adverse claim to any property of the bankrupt at the time he becomes invested with the title; and, as to clouds or adverse claims which arise upon the title to the property after he becomes clothed with it, he must proceed within two years after his cause of action accrues; and his cause of action accrues certainly as soon as the adverse title is asserted, and the record of such title made upon the land records. In this case it appears that one of these tax deeds was obtained and duly recorded in 1877, and the other in 1880,

and this suit was not commenced until December 11, 1886; so that more than two years had passed after these tax deeds were made, and after a right of action to have them removed as clouds upon the complainant's title, if they were clouds, had accrued to the complainant; and it cannot be allowed, I think, that this complainant shall be permitted to lie still, and let tax titles or other adverse titles to property held by him in his representative capacity accrue upon such property, and come into court, and seek relief by a bill in equity after the two years which the law allows him have expired.

The plea is therefore held to be a good defense to the cause of action set out in the bill.