JOHN B. BOWEN, as Assignee in Bankruptcy of the Estate, Property and Effects of ANNA N. DWIGHT, a Bankrupt, Appellant, *v.* THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Respondent.

*Statute of Limitations — action by an assignee in bankruptcy to recover real estate — when barred by section 5057 of the United States Revised Statutes.*

Upon the trial of an action brought on July 23, 1888, by an assignee in bankruptcy, to recover the possession of certain real estate which passed to the assignee as such on September 10, 1878, it was shown that in September, 1880, a corpora-tion claiming to have acquired title thereto, entered into the possession of such premises, and that on October 2, 1882, the defendant leased the property of the said corporation. The entry of such corporation into the possession of such real estate was unlawful and the taking of such property by the defendant was without the permission of the plaintiff.

*Held*, that the action was barred by section 5057 of the Revised Statutes of the United States.

*Stevens* v. *Hauser* (39 N. Y. 302), distinguished.

APPEAL by the plaintiff, John B. Bowen, as assignee in bank-ruptcy of the estate, property and effects of Anna N. Dwight, a bankrupt, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of

Broome on the 3d day of July, 1891, upon the decision of the court, rendered after a trial at the Broome Circuit before the court and a jury (the jury having been dismissed at the close of the evidence and the case taken by the justice for decision), dismissing the plaintiff's complaint upon the merits, with notice of an intention to bring up for review on such appeal the said judgment and the findings of fact and conclusions of law therein contained.

*Millard & Stewart*, for the appellant.

*D. S. & R. B. Richards*, for the respondent.

MARTIN, J. :

This action was brought to recover the possession of certain real property described in the complaint. Among other matters set up in the answer, the defendant alleged as a defense that the cause of action herein accrued more than two years prior to the commencement of the suit, and that it was barred by section 5057 of the United States Revised Statutes, which declares : " No suit, either at law or in equity, shall be maintainable in any court between an assignee in bankruptcy and a person claiming an adverse interest, touching any property or rights of property transferable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued for or against such assignee." Whether this statute was a bar to the plaintiff's action is the only question we need consider on this appeal. The language of the statute is broad, and seems to be sufficiently comprehensive to constitute a defense to this action.

Whatever interests Anna N. Dwight, the bankrupt, had in the premises in question passed to the plaintiff as her assignee on the 10th of September, 1878. In September, 1880, the New York, Lackawanna and Western Railway Company claimed to have acquired title to and entered into the possession of the premises, and during that month commenced the work of erecting a bridge and embankment thereon. On the 2d of October, 1882, the defendant leased the New York, Lackawanna and Western railroad, and since that time has been in possession thereof, claiming a right to the premises in question. At the request of the plaintiff the court, among other things, found : " That in the year 1880 the New York,

Lackawanna and Western Railway Company, unlawfully and without the permission of plaintiff, entered into the possession of the premises described in the complaint, and constructed a high railroad embankment and built railroad abutments and piers thereon, and upon said embankment and piers placed their railroad tracks. That on or about the second day of October, 1882, the above-named defendants, without the permission of the plaintiff, took possession of the premises described in the complaint, since which time they have been in the actual possession of the said premises, claiming title thereto." As a conclusion of law the court held that the plaintiff's cause of action accrued to him in September, 1880, and as this action was commenced July 23, 1888, it was barred by section 5057.

The plaintiff contends that that statute is not applicable to this case because the cause of action for which it was brought never vested in the bankrupt, but arose out of a wrong to the plaintiff as assignee, or to the property vested in him. To sustain this contention he cites the case of *Stevens* v. *Hauser* (39 N. Y. 302). The question in that case arose under the Bankrupt Law of 1841, which provided : " No suit at law or in equity shall, in any case, be maintainable by or against such assignee, or by or against any person claiming an adverse interest touching the property and rights of property aforesaid, in any court whatsoever, unless the same shall be brought within two years after the declaration and decree of bankruptcy, or after the cause of suit shall first have accrued." That was an action of ejectment brought by the plaintiff who obtained his title through a conveyance from an assignee in bankruptcy. The defendant set up the foregoing statute as a bar. His possession did not commence until four years after the title was vested in the assignee. In that case it was said, following the opinion of Mr. Justice Nelson in the *Matter of Conant* (5 Blatchf. 54), that the act of Congress (Laws 1841) limiting the assignee in bankruptcy to two years within which to bring the action, had no application to a cause of action arising in his own favor for injury to property, or a disseizin of lands vested in him by the proceeding. In the *Stevens* case it appears, in the opinion of Mason, J., that the case failed to show that the defendant or any one else claimed to hold the premises adversely, or under a title adverse to that of the assignee of the plaintiff, to whom the title was transferred. The

judge, in delivering the opinion, said : " This eighth section of the Bankrupt Act, prescribing this two years' Statute of Limitations, never was to bar the right of entry as against a purchaser from the assignee in bankruptcy, where the bankrupt actually had the title and the assignee sold and conveyed it by order of the court. It was never intended to limit this action of ejectment, in such a case, to two years."

It will be perceived, that the *Stevens* case is unlike the one at bar, in that the action was there brought by a purchaser, from the assignee in bankruptcy under a sale and conveyance made by an order of court. While it may be that Congress had authority and intended to provide that no action should be brought by or against an assignee unless commenced within two years, yet it might not have power or have intended to provide that a purchaser of the property of a bankrupt should not maintain an action after two years where the bankrupt had actual title and the assignee sold and conveyed it by an order of court. In *Banks* v. *Ogden* (2 Wall. 69, 70) it was doubted if the limitation of that statute could be applied to sales of real estate, made by an assignee under the order of the District Court having general jurisdiction of proceedings in bankruptcy.

The appellant as sustaining his contention also cites the cases of *Davis* v. *Anderson* (6 Nat. Bankr. Reg. 145) ; *Sedgwick* v. *Casey* (4 id. 496) ; *Smith* v. *Crawford* (9 id. 38) ; *In re Krogman* (5 id. 116) ; and *Bachman* v. *Packard* (7 id. 353). In the *Davis* case it was held that the limitation of two years in section 2 of the Bankrupt Act of 1867 applied only to property held adversely to the bankrupt and his assignee, and that where the bankrupt fraudulently conveyed his lands to avoid a judgment, a purchaser under the judgment and a sale made under execution after proceedings in bankruptcy, could not defend on the ground that the assignee did not commence suit to set aside the execution, sale and deed within two years *after the assignment*, as no cause of action accrued to the assignee against the purchaser until he acquired his title under the judgment and execution sale. The *Sedgwick* case in effect held that the Statute of Limitations contained in section 2 of the Bankrupt Law of 1867 was not applicable to a suit to collect a debt or to enforce the payment of money due upon a contract. The *Smith* case was to the same effect, holding that section 2 did not apply to the collection of ordinary debts due the bankrupt prior to the adjudication. In the

*Matter of Krogman,* where the defendant simply disputed the amount of the assignee's claim and not the assignee's interest and rights touching the property, it was held that section 2 did not apply. The decision in the *Bachman* case was to the effect that the concurrent jurisdiction conferred upon the Circuit Court by section 2 of the Bankrupt Act of 1867 was limited to cases where there was a controversy concerning the right to, or some interest in some specific thing between the assignee and a third person, and did not include an action to collect a debt.

These cases do not, we think, aid the appellant, and the only ones to which our attention has been called which even tend to uphold his contention are the *Conant* and *Stevens* cases, to which we have already referred.

On the other hand, the respondent claims that section 5057 is, by its terms, applicable and a bar to this action. As an original question, independent of any authority, it would seem that the plain reading of the statute upholds this claim. The respondent also insists that the authorities cited by the appellant, so far as they tend to sustain a contráry doctrine, have been overruled or are against the weight of authority upon that question, and refers to the following cases as sustaining its insistence. (*Cleveland* v. *Boerum,* 24 N. Y. 613; *Banks* v. *Ogden, supra; Bailey* v. *Glover,* 21 Wall. 342, 346; *Gifford* v. *Helms,* 98 U. S. 248, 252; *Jenkins* v. *International Bank,* 106 id. 571; *Phelan* v. *O'Brien,* 13 Fed. Rep. 657; *Harvey* v. *Gage,* 31 id. 275; *Avery* v. *Cleary,* 132 U. S. 604.) *Cleveland* v. *Boerum* was an action for the redemption of land from a mortgage after offer to pay the amount secured thereby. The defendant was a purchaser under the mortgage sale. The plaintiff claimed to have acquired the interest of one of the owners of the equity of redemption under a transfer by his assignee in bankruptcy. In that case the question arose whether section 8 of the Bankrupt Act of 1841 was applicable, and it was held that the two years' limitation provided by that statute applied and was a bar to the action. In *Banks* v. *Ogden* it was said: "The eighth section of the Bankrupt Act of 1841 limited suits concerning the estate of the bankrupt by assignees against persons claiming adversely, and by such persons against assignees, to two years after decree of bankruptcy or first accrual of cause of

suit. There is no express limitation upon sales, nor any limitation upon any action other than suits, by the assignee, except" — and then follows a provision which is not applicable in this case. From this case it is to be plainly inferred that, after the expiration of two years, an action for the recovery of real estate is barred by the statute. In *Bailey* v. *Glover*, MILLER, J., in examining section 2 of the Bankrupt Law of 1867, said : " This is a statute of limitation. It is precisely like other statutes of limitation and applies to all judicial contests between the assignee and other persons touching the property or rights of property of the bankrupt transferable to or vested in the assignee, where the interests are adverse and have so existed for more than two years from the time when the cause of action accrued, for or against the assignee. Such is almost the language in which the provision is expressed in section 5057 of the Revised Statutes.' In *Gifford* v. *Helms*, Mr. Justice CLIFFORD, in discussing section 5057, said : " Beyond doubt, it applies to all judicial contests between the assignee and other persons touching the property or right of property of the bankrupt, transferable to or vested in the assignee, where the interests are adverse, and have so existed for more than two years from the time when the cause of action accrued, for or against the assignee." (Citing *Bailey* v. *Glover, supra.*) In *Jenkins* v. *International Bank*, it was held that where a judgment in a State court was rendered against one shortly thereafter declared to be a bankrupt, a writ of error to that judgment brought by his assignee is a suit within the meaning of section 5057 of the United States Revised Statutes, and that the limitation of time in that section applies to a suit by the assignee to recover a debt or other moneyed obligation, as well as to a controversy concerning property or rights of property to which there are adverse claims. In *Phelan* v. *O'Brien*, which was an action to set aside a sale under a deed of trust, which was foreclosed by an assignee in bankruptcy, who purchased the property for the benefit of the estate, it was held that proceedings instituted more than two years after the sale to set it aside, were barred by the limitations of the Bankrupt Act. The case of *Matter of Conant* (5 Blatchf. 54) was there considered, and regarded as practically overruled by *Banks* v. *Ogden* (2 Wall. 57) and *Norton* v. *De La Villebeuve* (13 Nat. Bankr. Reg. 304). In *Harvey* v. *Gage*, where the defendant

obtained two tax deeds, made and recorded in 1877 and 1880, to property of which the plaintiff as assignee in bankruptcy had become seized in 1873, it was held that a suit to set aside such deeds, commenced by the plaintiff as such assignee in 1886, was not maintainable, it not having been brought within two years from the time the cause of action accrued; in other words, that it was barred by section 5057. In *Avery* v. *Cleary*, one Ellis had three policies of insurance upon his life, which, in May, 1877, he transferred to one Morse, in trust, to pay the income to his two daughters. In July, 1878, he filed a petition in bankruptcy, and, having been adjudged a bankrupt, his estate was transferred to an assignee, who acted until he was succeeded by the defendant in error. The bankrupt died in November, 1879, and in the following December, the insurance company paid to the plaintiff in error, his administrator, who was also the guardian of the children, the amount due upon said policies. In September, 1882, the plaintiff, as assignee in bankruptcy, brought an action to recover from the administrator of the bankrupt the amount received upon such policies. It was held that the suit was one between an assignee in bankruptcy and one claiming an adverse interest touching the property which was the subject of controversy and within the meaning of section 5057, prescribing a limitation for the commencement of such an action. It was also held that mere ignorance of the existence of a cause of action by an assignee in bankruptcy does not remove the bar against such an action prescribed by this Statute of Limitation.

This review of the authorities touching the question, while, perhaps, disclosing that they are not in all respects in harmony, yet, we think, renders it quite manifest that the weight of the authorities tends to sustain the conclusion reached by the learned trial judge. What would have been the result if the plaintiff, as such assignee, had transferred the land to another in pursuance of an order of the bankrupt court and the purchaser had brought this action, it is unnecessary to decide. But as there was no such transfer and this action was brought by the assignee, we think it falls within the bar of the statute, and the court properly so held. It follows, therefore, that the judgment should be affirmed.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment affirmed, with costs.