HATHAWAY and others, Respondents, vs. CITY OF MILWAU-
    KEE, Appellant, and CHICAGO & NORTHWESTERN RAIL-
    WAY COMPANY and others, Respondents.

HATHAWAY and others, Appellants, vs. CITY OF MILWAU-
    KEE and others, Respondents.

*February 22—June 20, 1907.*

*Waters: Apportionment of accretions: Determining rights of ripa-
    rian owners: Grant of easement to city: Power to accept: Street
    terminating on lake: Extension over accretion: Waiver of
    rights by city: Oral statement in court by counsel.*

1. An apportionment of an accretion on the margin of Lake Mich-
    igan giving to each abutting proprietor such proportion of the
    new shore line as his ownership of the original shore line bore
    to the whole line on which the accretion abutted, and dividing
    the area to be apportioned by connecting the points where di-
    vision lines of coterminous owners intersect the original shore
    and the corresponding points on the new shore line by straight
    lines, is *held* to result in as equitable division of the area as is
    practicable.

2. The ownership of the new water front being important with
    reference to access to the lake and probable future accretion,
    the claims of the respective proprietors to the new shore line
    should not be subordinated to claims to the area of the accre-
    tion.

3. In making the apportionment in this case the lines between government subdivisions were properly disregarded.

4. The distance along the line of an intake tunnel maintained as part of its water system by the city of Milwaukee was properly included as part of the new shore line, such line of the tunnel being a part of the actual line between the water and the alluvial deposit and the distance being approximately an equivalent in measurement of the probable curve of the shore had the tunnel been absent.

5. In the action for apportionment of the accretion it was proper for the trial court to ascertain and determine what rights were acquired by the city of Milwaukee under a deed granting to it a part of the land on the original shore line "for public use for the purpose of a street."

6. There being no prohibitory provision in its charter, the city of Milwaukee, having authority to maintain public streets, had power to accept a voluntary grant of an easement for a public street.

7. An easement granted to a municipality over land abutting on a lake for a public street terminating on a lake will attach to any accretion apportioned to such land.

8. In an action for apportionment of an accretion on the margin of Lake Michigan, the trial court incorporated in the record a statement that counsel for the city of Milwaukee had, in an oral conversation with the court of which no record was preserved, led the court to understand that the city made no claim to any interest in the premises at the foot of a certain street when extended over the accretion, and that the city's claim to any interest therein was thereafter treated as abandoned. *Held*, that this was insufficient to sustain the claim that there was a waiver by the city of any right or interest in the extension of the street, especially in view of the city's subsequent claim that it had not waived such interest.

APPEALS from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Reversed on defendant's appeal.*

Plaintiffs commenced this action for an apportionment of the accretion formed on the margin of Lake Michigan and abutting on the property of the shore owners as shown on the plat attached to the judgment of the circuit court. The old shore line on which the accretion abuts commenced at the

point A on this plat, and extends through the points K, M,. P, Q, T, F, U, X, Y, to G, its terminus. The new shore line formed by these accretions is located on this plat as commencing at the point A and extending thence through the points·B, C, D, N, O, R, S, E, I, H, V, W, Z, to G, its. terminus. The court found the shore line upon which the accretion had formed as located by the government survey of 1854 and ascertained the present ownership of the land abutting on this line. The present subdivisions of the land and the location of the original shore line are shown on the plat attached to the judgment. The judgment also sets forth the ownership of these parcels at the time the judgment was entered. The plaintiffs and the defendant city of *Milwaukee* have appealed from the judgment.

On p. 252 is a map copied from the plat referred to, omitting many details not essential to an understanding of the opinion.

*C. T. Hickox,* for the plaintiffs and the defendant *Ida S. Ott.*

For the defendant city of *Milwaukee* there were briefs by *John T. Kelly,* city attorney, and *Walter H. Bender,* assistant city attorney, of counsel; for the defendant *Schlesinger* there was a brief by *Winkler, Flanders, Bottum & Fawsett;* and the cause was argued orally by *Mr. Bender* and *Mr. F. H. Remington.*

The following opinion was filed March 19, 1907:

SIEBECKER, J. In dividing the accretion and the new shore the court evidently followed the rule of apportioning to each abutting proprietor such proportion of the new shore line as his ownership of the original shore line bore to the whole line on which the accretion abuts, and dividing the area to be apportioned by connecting the points where division lines of coterminous owners intersect the original shore line and the corresponding points on the new shore line by

straight lines. This process of apportionment is well recognized as a proper one to follow unless it results in such inequalities as to make it inequitable. *Northern P. L. Co. v. Bigelow*, 84 Wis. 157, 54 N. W. 496; *Thomas v. A., S. & I. R. L. Co.* 122 Wis. 519, 100 N. W. 993; *Batchelder v. Keniston*, 51 N. H. 496.

The plaintiffs contend that the application of the rule of division to the alluvial deposit in question results in gross inequities in both the apportionment of the area of accretion and the new water front, in that some of the riparian proprietors thereby receive a much larger part of the accretion than others owning equal amounts of the original water front, and in that they also acquire the most valuable portion of the newly established water front. There is practically no dispute among the parties as to the amount of the accretion, its location, and as to its being properly apportionable among the riparian proprietors named in the judgment of the trial court. An examination of the situation thus presented has led us to the conclusion that the apportionment under the rule followed by the trial court results in as equitable a division of this area as can practically be made in view of the quantity of the land to be divided and the relation of the accretion to the riparian proprietorships. Plaintiffs' contention necessarily results in materially subordinating the claims of the respective proprietors to the new shore line to those to the area to be divided. This we cannot accede to. When access to the lake for the purposes of navigation and the probable future accretion are kept in mind, it is apparent that ownership of the present water front is an important right.

The contention that an apportionment restricted within the government lines as to both the original and the present water frontage would result in a more equitable distribution of the area and the water line in view of the interests of the parties does not seem well founded. Such a division would

give to a part of the proprietors within these lines a much larger area of the accretion in proportion to ownership of the original shore line than was given under the method adopted by the court, on account of the variation in remoteness of different proprietors from the new shore line. We are of opinion that the court properly disregarded the dividing lines between government divisions of the shore line and properly treated the accretion as a whole, to be divided proportionately among all the abutting owners.

It is contended by the city of *Milwaukee* that the distance of 180 feet along the intake tunnel, between the points designated on the plat as C and D, ought not to be included as part of the new shore line. The evidence shows that it forms the actual line between the water and the alluvial deposit, and that the city maintains a tunnel to take in water for municipal purposes. This use, however, does not prevent this portion of the shore from being used and treated as the natural water and shore line. In measurement the distance from A to C and thence to D, so far as can be ascertained, is approximately an equivalent in measurement of the probable curve line of the natural shore between the points A and D in the absence of the tunnel. Under the circumstances it seems that the 180 feet of shore from C to D should be included as a part of the new shore line.

We find nothing in the case to warrant the court in disturbing the plan pursued in establishing the remainder of the new shore line from D to E and thence to the points H and G. The location of the government pier and the resultant shallow water, forming a curve at its northern end, called for special consideration in determining what was available for use as lake front. Appellants' suggestion in this regard presents nothing to show that a better or equally good plan for establishing the shore line along this portion of the accretion could have been adopted and would have resulted in a more equitable apportionment thereof among the riparian proprietors.

The city of *Milwaukee* contends that the court erred in determining the rights of the city under the deed given by Lydia W. Payne, who was then the owner of the premises described therein. The premises on which the street which was conveyed to the city abuts were subsequently conveyed to *Ida S. Ott,* one of the defendants in this action. The premises covered by the deed to the city were a part of the land abutting upon the original water line here in question, extending twenty-five feet "from the point F . . . easterly," as shown on the plat attached to the judgment. The deed conveys the premises to the city "for public use for the purpose of a street." No good grounds have been presented, nor do we perceive any, why the rights the city acquired under the deed should not be ascertained by the court for the purposes involved in this action, as well as those of all other riparian proprietors. It was necessary for the court to ascertain who were riparian proprietors of the shore on which the accretion abuts for the purpose of making them parties to the action and having them bound by the judgment of the court establishing their rights and interests to the accretion and new shore line. For these purposes it was therefore necessary and proper that the city's rights acquired under the deed should be determined. The trial court found that *Ida S. Ott,* grantee of Lydia W. Payne, owned the title to the premises conveyed by the deed. The judgment, however, is silent on the question of whether the city acquired an easement over the premises. It is claimed that the city could not acquire title to these premises. The purpose of the conveyance is disclosed in the deed to be "for public use for the purpose of a street." The language of the deed indicates that the purpose of the grant was to give the city an easement running to the lake shore over this strip of land. That the owner might devote this strip of land to such use and grant the city the right to use it for such a purpose cannot be questioned, nor do we discover any impediment in the city's charter barring the city from accepting it for such a purpose.

The city's authority to maintain public streets is clear and unquestioned, and there is no charter provision prohibiting the acceptance of this easement over this strip of land. 2 Dillon, Mun. Corp. § 633.

The case of *Trester v. Sheboygan,* 87 Wis. 496, 58 N. W. 747, did not involve the right of the city to accept such an easement by voluntary gift or grant of a private party. The city in that case had not been authorized to contract for the purchase of an easement for a street, and, in the absence of a grant of such power, the charter provision for its acquisition by condemnation proceedings was held to be exclusive of any other way the city could take to accomplish this purpose. It is manifest that the case did not involve the right of the city to receive and accept an easement for street purposes voluntarily granted by a private party. We are of the opinion that the city of *Milwaukee* was empowered to accept the grant of a public street over the land described in the deed, and that the court should have declared in the judgment that the city now has a right to an easement over it for street purposes. It is also recognized that, where such shore land is subject to such an easement, it will attach to the accretion apportioned thereto. From this it must follow that such street of the city extends to the land apportioned to the strip covered by the deed, namely, the land included in the area designated on the plat as F, H, U, V. 2 Dillon, Mun. Corp. § 634; *Banks v. Ogden,* 2 Wall. 57.

Upon these considerations the plaintiffs will take nothing on their appeal, but the judgment must be reversed on the appeal of the city of *Milwaukee,* with directions to the trial court to enter judgment in accordance with this opinion and awarding the city an easement under the grant from Lydia W. Payne: the city of *Milwaukee* to have its costs on its appeal.

*By the Court.*—It is so ordered.

Upon a motion by the respondent *Ida S. Ott* for a rehearing the following opinion was filed June 20, 1907:

SIEBECKER, J.   The grounds for the motion for a rehearing present no new questions for consideration, and we do not find it necessary to further consider them aside from the points that the city is said to have disclaimed any rights to or interest in the strip of land owned by *Ida S. Ott* and as to the costs awarded against her.   The court incorporated a statement in the record to the effect that counsel for the city led the court to understand that the city made no claim to any interest in the premises at the foot of Terrace avenue extended.   The court states this was so stated in court in a conversation which occurred between the court and counsel, of which no record was preserved; that the city's claim to any interest therein was thereafter treated by the court as abandoned and was given no further consideration.   We are satisfied from the record that this statement of the court must be treated as an explanation of the omission of an adjudication of the question of the city's right to an easement, but it is not sufficient to sustain the claim that there was a waiver by the city of any right or interest in the extension of Terrace avenue over the accretion.   This oral statement, of which there is no record, and imperfectly remembered, is not sufficient to sustain a waiver of the city's rights under the deed from Lydia W. Payne.   Especially is this true in view of the city's present claim that it in no respect waived any such interest in the premises.   Under the evidence and the deed conveying to the city the right to the street, we must adhere to our conclusion declared in our former opinion, namely, that the city has an easement over the premises.

The judgment of the lower court was necessarily reversed on the appeal, and it was directed that judgment be rendered awarding the city an easement under the grant of Lydia W. Payne and that the city of *Milwaukee* have its costs.   It is

urged that the city should not, under the circumstances, be permitted to recover such costs on this appeal. We find no ground for modifying our determination of this question, and find the city is justly entitled to recover such costs.

*By the Court.*—The motion for a rehearing is denied.

The following opinion was also filed June 20, 1907:

PER CURIAM. The respondents *John M. W. Pratt,* as guardian *ad litem,* and *Mathilde Schlesinger,* and the plaintiffs in the case, have moved the court to vacate the judgment awarding the city the right to recover its costs against them under the mandate of the court; and the respondent *Mathilde Schlesinger* has moved the court that the mandate of the court be modified so as to relieve her from liability for costs, and so that respondents may recover their costs. Pursuant to the mandate of this court the clerk has taxed the costs of the city of *Milwaukee* in the first appeal, and judgment for the same has been rendered in its favor and against all the other parties to the action. We are persuaded that this is erroneous and should not stand, and we are of the opinion that the respondents who were successful on both appeals should be awarded their costs on the appeals.

The order of the court, therefore, is that the judgment heretofore awarded and rendered in favor of the city and against all of the other parties to the action should be, and it hereby is, vacated and set aside.

It is further ordered that the mandate be modified by adding thereto the following:

And to recover from *Ida S. Ott* one half of its fees for printing cases and briefs, one half of the disbursements common to both appeals, and an attorney fee; and to recover the remaining one half of its fees for printing cases and briefs from plaintiffs and appellants on the second appeal; that the other respondents on the second appeal recover the following

costs on this appeal against the appellants in the second appeal: their printing fees, one half of the disbursements common to both appeals, and one attorney fee in common for all of these respondents who appeared and submitted briefs on this appeal.