In Equity.

HANNIBAL E. HAMLIN, Attorney General, by Information,
THE MAINE BAPTIST MISSIONARY CONVENTION, Relator,

*vs.*

THE PROPERTY IN WEBSTER, MAINE, formerly occupied by Sabattus
Baptist Church, FRANK I. SANBORN, et als.

Androscoggin.    Opinion November 23, 1909.

*Dedication.    Fee.    Pious Use.    Revised Statutes, chapter 16, section 33.*

1.  A dedication of land in pais to a pious use does not transfer the fee, but
    only the use.  The legal title, the fee, remains in the dedicator and his
    heirs or assigns.

2.  While the owner of the fee may be even perpetually enjoined from inter-
    fering with the pious use to which he dedicated the land, he cannot be
    deprived of the fee itself unless by eminent domain or other due process
    of law.

3.  While there is an owner of the fee in existence, land dedicated in pais
    to pious uses is not within the scope of Revised Statutes, chapter 16,
    section 33, providing for a sale by order of court of property dedicated to
    pious uses where such property "has no proper or legal custodian," etc.

In equity.    On report.    Bill dismissed.

Bill in equity in the nature of an information under the pro-
visions of Revised Statutes, chapter 16, section 33, brought by
Hannibal E. Hamlin, Attorney General, on relation of The Maine
Baptist Missionary Convention, against "the property in Webster,
Maine, formerly occupied by the Sabattus Baptist Church," Frank I.
Sanborn and six others, praying that trustees be "appointed to care
for said property," etc.    The defendants demurred to the bill, the
demurrer was sustained, exceptions taken, and the cause was then
reported to the Law Court.

The case is stated in the opinion.

*George C. Wing, and George C. Wing, Jr.,* for plaintiff.
*Ralph W. Crockett,* for defendants.

SITTING: EMERY, C. J., WHITEHOUSE, SPEAR, CORNISH, KING, BIRD, JJ.

EMERY, C. J.    A demurrer to this bill in equity was sustained and exceptions allowed.    The case was then duly reported to the Law Court with the stipulation that if the bill can be sustained upon the allegations therein, with such amendments in form as may be necessary, the exceptions may be sustained and the case remanded for amendments and hearing.

The bill is concerning a quarter of an acre of land in the village of Sabattus in Webster, upon which was built in 1856 a meeting house for religious worship from funds raised by general subscription in the community and from the sale of pews.    The house thus built was consecrated by religious ceremonies as a house of worship for the Baptist Church, and for a long time was used "as a place of public worship according to the faith and order of the Baptist denomination."    There was not, however, so far as appears, any organized church society to hold and care for the property, and there is no record of ownership of the pews.

Upon the foregoing allegations The Maine Baptist Missionary Convention, as relator, asks in this bill that the court appoint trustees to care for the property, and also authorize them to sell and convey the property and pay the proceeds of such sale into the treasury of The Maine Baptist Missionary Convention "for the purpose of extending the scope, influence and work of the Baptist denomination in Maine in pious uses."    The bill admittedly is based on R. S., ch. 16, sec. 33, which provides that "where any property in the State, dedicated and ordained for pious uses has no proper or legal custodian, so that it is becoming wasted and the utility thereof is lost," the court upon application may appoint trustees to care for or sell such property and may direct such disposition of the proceeds as will best serve the purposes for which it was originally intended, etc.    There is set out in the bill, however, a warranty deed of the land given in 1856 to three grantees named, "and their heirs and assigns forever" with habendum to them "and their heirs and assigns to their use and behoof forever."    In the

deed is no intimation that it was given in trust for any other purpose or use. It is further alleged in the bill that the original grantees are deceased, and that the respondents are their heirs.

It is clear, we think, that with these latter allegations the case is not within the statute cited. There is a legal owner in existence. Admitting that the acts stated constitute a dedication and ordination of the land to pious uses, the legal title alleged to be in the three named grantees was not transferred but remained in those grantees and is now vested in the respondents, their heirs. A dedication in pais of land to pious uses does not transfer the title, the fee, but only the use as an easement. While the holder of the legal title may be restrained from hindering or interfering with that use of the land for which it was so dedicated, the land itself cannot be taken from him except by eminent domain or other due process of law. *Banks* v. *Ogden,* 2 Wall. 57 ; *Attorney General* v. *Abbott,* 154 Mass. 323 ; *Cottle* v. *Young,* 59 Maine, 105. In *Beatty* v. *Hurtz,* 2 Peters, 212, the court restrained the owner of the fee from disturbing the possession of the religious society to whose use the lot of land had been dedicated, but did not require him to convey the fee to the society though such a decree was asked for. In the case *The Attorney General* v. *The Perticuler Baptist Meeting House,* 103 Maine, 343, the lot of land on which the meeting house was built was conveyed to two persons as a committee or trustees of "The Perticuler Baptist Church" in Bridgton "and their successors in that office for the time being" with habendum to them "and to their successors in office," etc. The original trustees having died, no successors having been appointed, and the church having become extinct, there was no one with title to the property, and the court held the case to be within the statute. The difference between that case and this at bar is manifest. In the one the defendants had no title. In the other they do have at least the legal title.

The case stated or that could be stated by any amendments in form, not being within the statute, the judgment must be,

*Exceptions overruled.*

*Bill dismissed with costs against the relator.*