STINSON *v.* BUTLER and Others.

STINSON
v.
BUTLER.

Where land is bounded by the *Ohio* river on the *Indiana* side, the owner's right extends to low-water mark.

· ERROR to the *Vanderburgh* Circuit Court.

*Monday, May 29.*

BLACKFORD, J.—This was an action of trespass *quare clausum fregit*, brought by *Stinson* against *Butler* and others. Plea, not guilty. Verdict and judgment for the defendants.

· On the trial, the plaintiff asked the Court to instruct the jury—That where lands are bounded by the *Ohio* river on the *Indiana* side, the owner's right extends to low-water mark. This instruction was refused. The record shows that the instruction was applicable to the evidence in the cause.

We think that the instruction ought to have been given. The proprietors of land situated in this state, and bounded on one side by the *Ohio* river, must be considered as owning the soil to the ordinary low-water mark. The *English* authorities relied on by the defendants, to show that high-water mark is the boundary, are all cases respecting waters which ebb and flow with the tide, and which are therefore considered as a part of the sea. These cases have no application to the question before us.

The state of *Virginia*, being the proprietor of the lands on both sides of the river, ceded to the *United States* her right to the territory "situate, lying, and being, to the north-west of the river *Ohio*." It is decided that, under this grant, the ordinary low-water mark of the river, is the boundary of the territory granted. *Handly's Lessee v. Anthony,* 5 Wheat. 374. And we are of opinion that when the *United States*, or any of her grantees, convey any of this land situate on the river, in *Indiana*, without a special contract to the contrary, the same mark must be considered as the boundary of the grant.

*Per Curiam.*—The judgment is reversed and the verdict set aside with costs. Cause remanded, &c.

*S. Judah*, for the plaintiff.

*J. A. Brackenridge*, for the defendants.