The CHIEF JUSTICE
 

 delivered the opinion of the court, and, after stating facts, proceeded as follows:
 

 The rule governing additions made to land, bounded by a river, lake, or sea, has been much discussed and variously settled by usage and by positive law. Almost all jurists and legislators, however, both ancient and modern, have agreed that the owner of the land, thus bounded, is entitled to these additions. By some, the rule has been vindicated on the principle of natural justice, that he who sustains the burden of losses and of repairs, imposed by the contiguity of waters, ought to receive whatever benefits they may bring by accretion
 
 ;
 
 by others, it is derived from the principle of public policy, that it is. the interest of the community that .all land should have an owner, and most convenient, that insensible additions to the shore should follow the title to the shore itself.
 

 There is no question in this case that the accretion from Lake Michigan belongs to the proprietor of land bounded by the lake. The controversy turns on ownership.
 

 In deciding this controversy, we derive' no important ,aid from the. statutes of Illinois, referred to in the argument,
 
 *68
 
 The plat of Kinzie does not appear to have been executed, acknowledged, and recorded, in conformity with either of them.
 
 *
 
 It operated, therefore, only as a dedication; aDd the law applicable to dedications must control our judgment.
 

 It is a familiar principle of that law, that a grant of land bordering on a road or river, carries the title to the centre of the river or road, unless the terras or circumstances of the grant indicate a limitation of it's extent by the exterior lines. There is indeed a passage in one of the judgments of the Supreme Court of Illinois which, if taken literally, would exclude grantees of lots in towns and cities from any interest, whatever in the streets beyond the common use. The court said: “ In the case of a valid plat,” that is, a plat duly executed, acknowledged, and recorded, “ the title to the ground set apart for public purposes is held by the corporation for the use and benefit of the public; in the case of a dedication by a different mode the fee continues in the proprietor, burdened with the public easement.”
 
 †
 
 This rule would limit the grantee of Block 54 to the lines of the block, and he would take nothing in Sand Street; but the propositions quoted were not essential to the decision of the question before the court, and there are other cases
 
 ‡
 
 which seem to warrant a belief that when e operation of an ordinary dedication shall come directly before that tribunal, it will not apply any other principle to its construction than that generally recognized.
 

 ■ We shall assume, therefore, that the owner of the southeast part of Block 54 was the owner of the adjacent part of Sand Street to its centre. But adjacent to that part of the block, Sand Street had been reduced, as the plat clearly shows, to the small triangle already described; 'and it must follow that it was to the centre line of the street thus reduced that the defendant acquired title. lie took, subject to the public use, the westerly half of the triangle and no more..
 

 But Kinzie was the original owner of the whole fractional
 
 *69
 
 section. He retained every part of whicli he did not divest himself by deed or dedication. By the dedication of Sand Street, he-gave to the public the use and only the use of the land within the artificial and natural lines marked on the plat. By the conveyance of Block 54 west of the street, he conveyed- the fee of Sand Street within those lines to its centre, v On the east side of the street, opposite that block, he conveyed nothing, for he had nothing to convey. The fee, therefore, of the eastern half of the triangle which there formed the street, remained in him. • In the words of the Supreme Court of Illinois, clearly just when applied to the land in question, “ the fee continued in the proprietor, subject to the easement.’-'
 

 Upon Kinaie’s bankruptcy the fee of this strip, of land passed to the assignee.' It was about this time, or shortly afterwards, that the alluvion began to form upon it, and continued to increase until the commencement of the suit below. The title to the accretion, thus made, followed the title to the land and vested in the assignee.
 

 It is unnecessary to consider the effect of the accretion, under the dedication, upon the width of the street; for, whatever that effect may have" been, the fee of the east half and of the accretion beyond the true width, whatever that width was, remained constantly in Kinzie or the assignee. A part, therefore, of the bankrupt’s estate remained unsold when the order of sale, under which the. plaintiff' in error claims, Was made by the District Court; and the only remaining inquiry is, whether that order was lawfully made.
 

 The eighth section of the bankrupt act of 1841 limited suits concerning the estate of the bankrupt by1 assignees against persons claiming adversely, and by -such persons against assignees, to two years after decree of bankruptcy or first accrual- of cause of suit. There is no express limitation upon sales, nor any, limitation upon any action other than suits, by the assignee, except a general, requirement in the tenth section, that all proceedings shall, if practicable, be brought to a close by the court within two years after decree. We are not satisfied that the limitation in the eighth
 
 *70
 
 section can be applied to sales of real estate made by assignees under orders of district courts having general jurisdiction of proceedings in bankruptcy. But it is not necessary now to pass upon this point. The limitation certainly could 'not affect any suit, the cause of which accrued from an adverse possession taken after the bankruptcy, until’the expiration of two years from the taking of such possession; and there is nothing in the record which shows when the adverse possession relied on,by the defendant in’error commenced, and therefore nothing which warrants the application of the limitation to the petition for the order of sale.
 

 • We think the court below erred "in instructing the jury that the defendant in error, upon the case made, was entitled to their verdict. Its judgment must therefore be reversed, and the cause remanded with directions to issue a
 

 New venire.
 

 *
 

 Jones
 
 v.
 
 Johnson, 18 Howard, 153.
 

 †
 

 Manly v. Gibson, 13 Illinois, 312.
 

 ‡
 

 Cana Trustees
 
 v.
 
 Havens, 11 Illinois, 557; Waugh
 
 v.
 
 Leech, 28 Id 488.