*B. E. & M. G. Rhoads, J. E. McDonald, A. L. Roache,* and *E. M. McDonald,* for appellee.

---------⊙---------

MARTIN and Others *v.* THE CITY OF EVANSVILLE.

RIPARIAN OWNER.—*Ohio River.*—The title of the reparian owner on the Ohio river extends to low-water mark, subject only to the easement in the public of the right of navigation.

SAME.—*Evansville.— Wharf.*—The city of Evansville, under her charter, has the power, as a police regulation, to establish water lines and to make reasonable provisions for the protection of navigation, and for this purpose may prohibit the erection of buildings below high-water mark which would have a tendency to obstruct navigation; but this power does not extend to private wharfs above high-water mark.

APPEAL from the Vanderburg Common Pleas.

GREGORY, J.—The only question involved in this case is the validity of an ordinance of the common council of the city of Evansville, passed June 28th, 1869, providing, "that it shall hereafter be unlawful for any person or persons to erect, build, or place, or to cause to be erected, built, or placed, any house, storehouse, shop, shed, or building, on any wharf of said city, or on the shore of the Ohio river, whether the same be a public or private wharf, between

Water street and said river, or between Front street and said river, in front of or adjoining said city." To which is affixed a penalty.

The appellants are the owners of a private wharf extending from Water street to the river.

The title of the riparian owner on the Ohio river, extends to low-water mark, subject only to the easement in the public of the right of navigation. *Bainbridge* v. *Sherlock*, 29 Ind. 364.

The city of Evansville, under her charter, has the power, as a police regulation, to establish water lines and to make reasonable provisions for the protection of navigation, and for this purpose may undoubtedly prohibit the erection of buildings below high-water mark which would have a tendency to obstruct navigation; but this power does not extend to private wharfs above high-water mark.

The ordinance in question would prevent the erection of warehouses and other structures appropriate to wharf property; and which are necessary for and in aid of navigation and trade.

It is an exercise of the right of eminent domain in the appropriation of private property for public use, without making any provision for compensation.

It is sometimes very difficult to distinguish between the appropriation of private property for public use and the prohibitions made for the protection of the rights of others falling in that class of acts which may be prohibited by the exercise of the power to make police regulations. But the case at bar is an attempt to leave open, as a public common, the grounds used by the appellants as a private wharf, for the convenience or to gratify the tastes of the public. It does not profess to define the space between high and low-water mark on the Ohio river by the establishment of reasonable water lines, but prohibits the erection of buildings on any part of the land used for a private wharf, under a penalty.

It is true, that the prohibited nuisance need not in fact

obstruct or impede navigation; but it must, however, come within the scope of the power of legislation. In *Commonwealth* v. *Alger*, 7 Cush. 53, SHAW, C. J., in an elaborate opinion, examined this subject with great care.

The court below erred in overruling the appellant's motion for a new trial.

Judgment reversed, with costs; cause remanded, with directions to grant a new trial, and for further proceedings.

*A. Iglehart* and *A. Dyer*, for appellants.

*J. M. Shackelford* and *W. F. Parrett*, for appellee.