ELLINGER, *by Guardian, et al., Appellants,* v. THE MISSOURI PACIFIC RAILWAY COMPANY.

Division Two, December 6, 1892.

Land: RIPARIAN OWNER: ACCRETION. The owner of a lot bounded on one side by a street which is located along the Mississippi river is not entitled as a riparian proprietor to accretions formed on the opposite side of the street.

*Appeal from St. Louis City Circuit Court.*—HON. L. B. VALLIANT, Judge.

AFFIRMED.

*Stone & Slevin* for appellants.

(1) Where there is any uncertainty, the monument must prevail over the description by courses and distances. *Rutherford v. Tracy,* 48 Mo. 329; 3 Washburn on Real Property [5 Ed.] p. 434; *Railroad v. Skinner,* 9 Mo. App. 199. (2) It was a question of fact for the jury to locate the boundary. *Opdyke v. Stevens,* 4 Dutch. 90; *Tibbetts v. Estes,* 52 Me. 568. (3) A plat of survey to which reference is made in a deed becomes part of the deed, and may be used in explanation of the boundaries of the land therein described. *Shelton v. Maupin,* 16 Mo. 124.

*H. S. Priest* for respondent.

MACFARLANE, J.—This suit is ejectment to recover a parcel of land in St. Louis which is occupied by the

roadbed and track of defendant. This property is situate in the town of Carondelet and according to the description under which it has been conveyed fronts east on Water street. This street extends north and south parallel to the Mississippi river. The evidence tends to prove, that in the year 1832 when that part of the town of Carondelet was platted into blocks and streets, Water street was located along the margin of the river, and was designated, on the plat, "A Tow" or Water street. Since this land was platted the river banks, by natural accretion, have receded toward the east, until at this time the banks are two hundred feet, or more, east of Water street. The land, claimed in the petition, lies between that owned by plaintiff, fronting on Water street, and the present banks of the river, and consists of alluvion formed by the gradual washing of the river.

The question is whether the owner of land, the boundaries of which call for a street, which is located along the Mississippi river, is entitled, as a riparian owner, to land subsequently formed by accretions on the opposite side of the street. The question is answered in the negative by this court in the early cases of *Lebeaume v. Poctlington*, 21 Mo. 36, and *Smith v. Schools*, 30 Mo. 294. These cases distinctly hold that, if a lot were bounded or limited by streets, the owner thereof would not become a riparian proprietor and entitled to the alluvion by reason of the fact that the original grant, besides the street, also called for the river in front. The fact that the easement imposed by the Spanish law upon land lying along the bank of the river known as a *tow path* is called for in the original plat as coincident with the street can make no difference. The limit of the boundary in the direction of the river, by an intervening street, prevents the proprietor from claiming the

alluvion. "It is not then" says Judge NAPTON in *Smith v. Schools, supra,* "the *existence* of a road or causeway which deprives the owner of alluvion, but it is the fact that the road or causeway is the *boundary* of the land."

The description of the lot which runs through the whole chain of title gives Water street as the eastern boundary. That description goes back to 1838, and is conclusive against the proprietor to any right to the alluvion.

By the instructions given and refused the court declared the law according to these views. Judgment affirmed. All concur.