CHARLES H. JOHNSON, Respondent, *v.* SAMUEL B. GRENELL, Appellant.

REAL PROPERTY — WHEN CONVEYANCE OF LOT FRONTING ON ROAD-
WAY RUNNING ALONG AND EXTENDING TO THE WATERS OF A NAVIGABLE
RIVER CONVEYS TITLE TO ROADBED AND APPURTENANT RIPARIAN
RIGHTS. Where the owner of an island in a navigable river, which had
been laid out into lots, with boulevards, streets and roads, according to a
map upon which the lots were designated by numbers, sold a lot abutting
upon a boulevard running along and extending to the waters of the river,
the lot being conveyed as "lot numbered 34 as laid out on the map," with
a description so indefinite and ambiguous that reference must be made to
the map to ascertain the dimensions and boundaries of the lot, and the
deed contains no language from which it can be inferred that the grantor
intended to reserve any interest in the fee of the boulevard itself or in the
appurtenant riparian rights, the legal title to the whole of the boulevard
in front of the lot in question, together with the riparian rights, passed
to the grantee of the lot, subject only to the public easement or right of
passage over the boulevard.

*Johnson* v. *Grenell*, 112 App Div. 620, affirmed.

(Argued May 3, 1907; decided May 10, 1907.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
May 5, 1906, reversing a judgment in favor of defendant
entered upon the report of a referee and granting a new
trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*John O'Leary* for appellant. The fee in the northerly
one-half of the lands of South boulevard adjacent to the east-
erly one-half of lot 34 is all that plaintiff can reasonably
claim. (*Bissell* v. *N. Y. C. R. R. Co.*, 23 N. Y. 61; *Perrin*
v. *N. Y. C. R. R. Co.*, 36 N. Y. 121; *Graham* v. *Stern*, 168
N. Y. 521; *Mott* v. *Mott*, 68 N. Y. 253; *Watson* v. *City of
New York*, 67 App. Div. 579.) A deed of land bounded on
a highway and described as corners and distances and bounds
excludes the highway, when it contains what it purports to

without the highway. (*K. C. F. Ins. Co.* v. *Stevens*, 87
N. Y. 292; *B., N. Y. & E. R. R. Co.* v. *Stigler*, 61 N. Y.
351; *Mott* v. *Mott*, 68 N. Y. 247; *Blakman* v. *Riley*, 138 N. Y.
318; *White's Bank* v. *Nichols*, 64 N. Y. 65; *Kennedy*
v. *M., H. & F. T. Co.*, 77 App. Div. 484; 178 N. Y. 508;
*Wendall* v. *People*, 8 Wend. 183; *Van Wyck* v. *Wright*, 18
Wend. 158; *Drew* v. *Swift*, 46 N. Y. 207; *Jackson* v.
*Hathaway*, 15 Johns. 453.) The defendant has not parted
with the fee in South boulevard and is in possession of all
riparian rights. To deprive defendant of the water rights on
the shore of South boulevard, plaintiff must show an absolute
title in fee of all the lands embraced herein in himself. (*T.
I. S. Co.* v. *Visger*, 86 App. Div. 136; *Saunders* v. *N. Y.
C. R. R. Co.*, 144 N. Y. 75; *Rumsey* v. *N. Y. & N. E. R.
R. Co.*, 133 N. Y. 79.)

*V. K. Kellogg* for respondent. The conveyance from Lucy
M. Grenell to Hopkins and Chamberlain of lot 34 con-
veyed the entire boulevard in front of that lot, and the
riparian rights incidental thereto, to the grantees. (*Jackson*
v. *Hathaway*, 15 Johns. 447; *Gorham* v. *E. El. Co.*, 80
Hun, 290; *Hennessy* v. *Murdock*, 137 N. Y. 317; *Mangam*
v. *Sing Sing*, 11 App. Div. 212; *Edsall* v. *Howell*, 86 Hun,
424; *Village* v. *Cowan*, 4 Paige, 513; *Graham* v. *Stern*,
168 N. Y. 521; *Mott* v. *Eno*, 97 App. Div. 611; *Gere* v.
*McChesney*, 84 App. Div. 41; *Brewing Co.* v. *Wharf Co.*,
59 App. Div. 92; *Paige* v. *S. Ry. Co.*, 178 N. Y. 102;
*Miller* v. *N. Y., etc., Ry. Co.*, 183 N. Y. 123; *Lowenberg*
v. *Brown*, 79 App. Div. 414.)

Gray, J. In 1865, Lucy M. Grenell purchased an island
in the St. Lawrence river and she caused the same to be laid
out into lots, with boulevards, streets and roads; according to
a map which she made and filed. Upon this map the lots
were numbered and, in 1894, she sold to Hopkins & Chamber-
lain " the lot numbered 34 as laid out on the map of the Grenell
Island Park, the lot laying (*sic*), on the South east shore and

adjoining lot 175, on the south west of lot now deeded to
Widener, the lot 126 feet front and 68 feet deep, supposed to
contain 60 by 100 feet, the same more or less." Thereafter,
in 1897, Hopkins & Chamberlain conveyed the same lot, by
the same description, to Robbins. In 1901 Robbins conveyed
to this plaintiff "the east one-half of lot number 34 as laid
down on a map of Grenell Island Park, said lot being on the
south-east shore   *   *   *   together with the dock and dock-
age in front of said lot and the water rights acquired and used
by parties of the first part and the boat house on said lot and
dock" etc.   "South Boulevard" upon the Grenell map
extends along the southerly shore of the island and intervenes
between lot 34 and the river; being 50 feet in width. While
Robbins owned the lot he constructed on the shore, in front of it,
a crib dock, upon the westerly end of which he placed a building.
Subsequently, another person, a stranger to the title, placed a
building upon the easterly end of the dock and paid the
Grenells a rental.   After the plaintiff had acquired the easterly
half of the lot, he purchased the building in front of it upon
the dock.   He then commenced this action to determine the
title to the street in front of his land.   The defendant was
the husband of Mrs. Grenell, the original owner, who has suc-
ceeded to all her right and title, as the devisee under her will.
He claims that no part of the land in the boulevard was con-
veyed by his wife's deed to Hopkins & Chamberlain and denies
any right in the plaintiff to possess, or to use, the shore.   He
succeeded in recovering a judgment establishing his title to
the south half of the boulevard and to the riparian ownership.
This judgment, however, was reversed by the Appellate
Division; where it was held, the court being divided in opin-
ion, that, upon the facts, the plaintiff was shown to be the
possessor of the legal title to the street and to the boat house
and dock; subject, as to the street, to the exercise of the public
easement.

I think that the determination by the Appellate Division
was correct.   So far as the description of the premises
included dimensions, they may be disregarded, as affecting, or

limiting, the land conveyed. The words "lot 126 feet front and 68 feet deep, supposed to contain 60 by 100 feet, the same more or less," if not meaningless, are too ambiguous. What the original deed of Mrs. Grenell intended to grant was to be ascertained from her map. It conveyed a piece of land known as lot No. 34 on the map, being on the southeast shore, with a road in front of it extending to the waters of the river. Had the grantor intended to reserve the land in the roadway, or any part of it, she could have done so; but there is an absence of any language, from which such an intention could be implied. Indeed, there is no sufficient reason apparent to infer an intention by the grantor, when parting with her title to the only land adjoining the road, to reserve any interest in the fee of the road itself. Manifestly, from the facts, an inducement to the purchaser of the lot was its being shown, and stated, to lie upon the shore of the island and the enjoyment of the riparian advantages conferred a distinct value. The ordinary presumption is that, in the absence of contradictory terms, the grantor does not intend to retain the fee of the soil in the street. (*White's Bank of Buffalo* v. *Nichols*, 64 N. Y. 65, 70.) The grantees of Mrs. Grenell, in this case, had the right to rely upon the application of the rule that a grantor will not be supposed to have reserved the title to the road bounding a grant of lands, if its control ceased to be of importance to him by reason of his having parted with all of his interest in the lands adjoining it. (*Haberman* v. *Baker*, 128 N. Y. 253.) That Mrs. Grenell's grantees took by her deed, certainly, one-half of the road was conceded and had she owned any land upon the other side of the road, the other adjoining half of the road would have remained hers. As we have seen, that was not the case and the defendant cannot claim that any riparian rights remained in his predecessor in the title. In the absence of anything expressing a contrary intention, those rights follow a grant of the uplands.

It was held in *Haberman* v. *Baker*, (*supra*), that "where the highway has been, as in the present case, wholly made from and upon the margin of the grantor's land, his subse-

quent grant of the adjoining land should be deemed to comprehend the fee in the whole roadbed, upon the same principle that exists for giving the fee to the center in other cases." In the present case the control of the boulevard, which had ceased to be of importance to Mrs. Grenell after she had parted with the adjoining. land, was important and essential to her grantees, for obvious reasons connected with their full enjoyment of the premises.

In the cases of *Bissell* v. *N. Y. C. R. R. Co.*, (23 N. Y. 61); *Haberman* v. *Baker*, (*supra*), and *Graham* v. *Stern*, (168 ib. 521), will be found ample support for the doctrine that in the case of such a grant as this record presents, in legal intendment, the grantor conveyed her property in the whole road bounding the premises granted.

I advise that the order appealed from be affirmed and, under the stipulation of the appellant, that judgment absolute be ordered for the respondent, with costs in all the courts.

CULLEN, Ch. J., O'BRIEN, VANN, WERNER and WILLARD BARTLETT, JJ., concur; CHASE, J., dissents.

Ordered accordingly.