## STEVENS *v.* ARNOLD ET AL., EXECUTORS AND TRUSTEES OF NIRDLINGER.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 200. Argued May 2, 1923.—Decided May 21, 1923.

1. A suit under 4 N. J. Comp. Stat. p. 5399, to determine title to land, must be dismissed, according to the interpretation of the highest New Jersey court, if the plaintiff fail to show title in himself, even though the defendant set up an independent title, and although the statute provides for a decree conclusively settling the rights of all the parties. P. 268.
2. Dismissal of the bill, in such case, estops the plaintiff from asserting against the same defendant, in a second suit, any ground of title existing at the time of the first suit, especially one that was then waived. P. 268.
3. Such dismissal does not establish the title set up by the defendant; but he may reassert it, by counterclaim, in a second suit

brought by the plaintiff, and, in so doing, does not waive the benefit of the former decree as an adjudication against the plaintiff's title. P. 269.

4. In New Jersey, a grant by the State of land flowed by the tide revokes the license to riparian owners to wharf out or otherwise encroach upon the tract granted, but it does not prevent them from gaining title by accretion, even though the grant be described by metes and bounds. P. 269.

5. Lands formed by accretions of the sea upon a convex shore, *held* bounded, not by lines spreading fan-wise from riparian boundaries but by a city street extending through the accreted tract as shown on a plan adopted before the accretions took place. P. 270.

273 Fed. 1022, reversed.

CERTIORARI to a decree of the Circuit Court of Appeals affirming a decree of the District Court against the present petitioner, in a suit brought by respondents' decedent to quiet title to a parcel of land.

*Mr. Harvey F. Carr* for petitioner.

*Mr. Robert H. McCarter,* with whom *Mr. George A. Bourgeois* and *Mr. Harry R. Coulomb* were on the brief, for respondents.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a bill to quiet title to land in Atlantic City, New Jersey, brought primarily at least under a statute of that State. 4 Compiled Stat. p. 5399. (P. L. 1870, p. 20.) The suit was begun by Samuel F. Nirdlinger and now is maintained by his executors and trustees (the respondents). He owned a parcel lying to the East of New Hampshire Avenue, which runs north and south, and to the north of Oriental Avenue which crosses the other avenue at right angles. The defendant owns an adjoining parcel on the other side of New Hampshire Avenue and the land in controversy is a triangular tract having its apex in the southwestern corner of the complainants' lot

and spreading South of Oriental Avenue and East of New
Hampshire Avenue to the sea. It has been formed by
accretion in recent years. The defendant claims title by
a former adjudication and by a riparian grant from the
State. The District Court entered a decree for Nirdlinger
after an elaborate discussion, 262 Fed. 591, and its opinion
was adopted and the decree affirmed by the Circuit Court
of Appeals. 273 Fed. 1022.

The former adjudication relied upon by the defendant
was in a suit in the State Court brought against him
under the same statute for the same purpose as the pres-
ent one, by Nirdlinger and the Dewey Land Company
from which Nirdlinger afterwards purchased a part of his
land. The statute allows a person in peaceable possession
of lands, claiming to own the same, whose title is dis-
puted, to bring a suit in chancery against any person
claiming an interest, calling upon him to set forth his
title. After the issues are tried the decree is to settle the
rights of all parties and to be conclusive. The complain-
ants in the chancery suit alleged possession and claimed
ownership, at first by accretion but by amendment by
virtue of two deeds only. The defendant, as here, set up
his riparian grant and a claim by accretion. The Chan-
cellor held that the grant from the State could not be
impeached collaterally and dismissed the bill. The
Court of Errors and Appeals held this to be error but
affirmed the decree on the ground that the complainants
showed no title; that the deeds did not give the right
claimed and that "all claim by accretion is waived."
*Dewey Land Co.* v. *Stevens,* 83 N. J. Eq. 314, 316; *ibid.*
656. It would have been intelligible if the Court had
held that the complainants' statement of title was imma-
terial and that it was enough that they showed possession
and a claim of ownership. But it being established that,
notwithstanding the claim, if the title disclosed is defec-
tive the bill must be dismissed, we think that until the

Court of Errors and Appeals decides otherwise it must be assumed that the decree is conclusive between the parties that at that time the complainants did not own the land. We cannot imagine that the statute contemplated a series of suits based on coexisting titles produced one after another, and especially when the one now relied upon was waived in the earlier case. We assume that the usual rule applies, and that if the claim to own must be justified, all justifications then existing are in issue. It follows that the plaintiffs' bill must be dismissed.

But plainly the claim of the defendant was not established in the former suit. That appears from the nature of the decree, from the opinion of the Court of Errors and Appeals, and from the admitted fact that it subsequently refused to amend its remittitur so as to establish the defendant's right. See also *Dewey Land Co.* v. *Stevens,* 85 N. J. Eq. 374. Therefore the defendant took a proper step and did not waive the benefit of the former decree when in the present case he made a counterclaim and asked that his rights be adjudicated to be paramount. Upon this matter the discussion of the District Court was adequate and convincing, so that the unsatisfactory result will be that neither party can get a declaration of title and the complainants will be left to stand upon their possession alone.

The first ground of the defendant's claim is a grant from the State to the defendant's predecessors in title of land flowed by tidewater at the date of the deed, June 28, 1900, which included the strip in controversy. There seems to be no doubt from the decision of the Court of Errors and Appeals that this grant put an end to the right of the complainants to build wharves or otherwise to encroach upon the granted land, that being regarded as merely a license, revoked by the grant. The defendant contends that the effect was greater still, and relies upon a statement in the decision referred to, that

" if the land was formerly fast land, [as this was said to have been] and the title was lost by erosion, it became the property of the State, not merely as long as it remained under water, but, if the State made a riparian grant, absolutely." This form of statement remained unchanged notwithstanding the criticism in a concurring opinion by White, J., 83 N. J. Eq. 656. But we agree with the District Court that it means no more than we have stated, and is shown to mean no more not only by the authority cited but by the following words in the opinion: "The title lost by erosion was then lost forever, unless it was regained by accretion, and the right of accretion was the compensation of the former owner for his loss." We presume from this language that in New Jersey as elsewhere by the common law the right of accretion is not like the permissive right to use land still under water, but is a right as against the State as well as its grantees, when as here the grantees have not filled in the land. In some countries that inherit the Roman law the rule may be different. *Ker & Co.* v. *Couden,* 223 U. S. 268. We conclude that the conveyance by the State did not give the defendant a title to land added by accretion to the complainants' premises, and that it does not matter that this conveyance was by metes and bounds. The boundaries however indicated were good until changed by the gradual work of the ocean and then were modified in accordance with what we believe to be the common law. *Banks* v. *Ogden,* 2 Wall. 57.

The defendant's other contention is that as the former seashore was convex the dividing lines should spread outward like a fan, and not continue the north and south divisions indicated by the extension of New Hampshire Avenue to the present or recent high-water mark. Without going into the details elaborated by the District Court we agree that since a plan was made in 1852

showing New Hampshire Avenue as extending farther south even than at present the existing street system was adopted and recognized New Hampshire Avenue as the dividing line as well for accretions as for the fixed land. The result is that both the bill and the cross bill must be dismissed.

> *Decree reversed.*
> *Bill and cross bill dismissed.*