## WAYNOR v. DIBOFF et al.

No. 4081–A.

District Court of Alaska. First Division. Juneau.
Sept. 25, 1937.

Faulkner & Banfield, of Juneau, for plaintiff.
R. E. Robertson, of Juneau, for defendants.

ALEXANDER, District Judge.

This matter is before the court on motion of Ivan Diboff and Maude R. Diboff to strike certain parts of the complaint, on the ground that they are incompetent, irrelevant, immaterial, sham and frivolous.

All of the parts of the complaint covered by specifications 1, 2, and 3 refers to the claim of plaintiff on accretions formed to the lands claimed by him as grantee under United States Survey Number 375, as described in the complaint.

" 'Accretion' is increase of real estate by gradual deposit by water of solid material, so as to create dry land of that previously submerged." Baumhart v. McClure, 21 Ohio App. 491, 153 N.E. 211.

"Accretion is the process of gradual and imperceptible increase of land caused by the deposit of earth, sand or sediment thereon by contiguous waters, and is a source of title." Irvin v. Crammond, 58 Ind.App. 540, 108 N.E. 539, 540.

" 'Accretions' must begin from the land of the owner claiming them, and not from some other point, finally ex-

tending to his land. Hohl v. Iowa Cent. Ry. Co., 162 Iowa 66, 143 N.W. 850, 852.

The law of accretion in the United States was adopted with the common law of England and has never been changed by the Constitution of the United States or any law passed by Congress; and accretions have always been granted to the adjoining upland owners on the theory that additions to such land are compensation for the losses sustained by decretion or the washing away of the upland, and on the theory that small and insensible portions of land should not be allowed to lie idle without an owner between the upland and the sea shore. Jefferis v. East Omaha Land Co., 134 U.S. 178, 191, 10 S.Ct. 518, 33 L.Ed. 872.

The law regarding accretions was thus laid down by the Supreme Court of the United States in Shively v. Bowlby, 152 U.S. 1, 35, 14 S.Ct. 548, 561, 38 L.Ed. 331: "The rule, everywhere admitted, that, where the land encroaches upon the water by gradual and imperceptible degrees, the accretion or alluvion belongs to the owner of the land, is equally applicable to lands bounding on tide waters or on fresh waters, and to the king or the state as to private persons, and is independent of the law governing the title in the soil covered by the water," and in annunciating this rule the Supreme Court of the United States cites Lord Hale in Hargrave's Law Tracts 5, 14, 28; Rex v. Yarborough in the King's Bench, 3 Barn. & C. 91, and 4 Dowl. & R. 790, and in the House of Lords, 1 Dow & Clark 178; 2 Bligh, N.S., 147 and 5 Bing. 163; Doe v. East India Company, 10 Moore P.C. 140; Foster v. Wright, 4 C.P.Div. 438; Handly v. Anthony, 5 Wheat. 374, 380, 5 L.Ed. 113; Jefferis v. East Omaha Land Co., 134 U.S. 178, 189–193, 10 S.Ct. 518, 33 L.Ed. 872; Nebraska v. Iowa, 143 U.S. 359, 12 S.Ct. 396, 36 L.Ed. 186; Minto v. Delaney, 7 Or. 337.

The law governing this matter is thus set out in Washburn on Real Property: "The riparian right to future al-

luvion is a vested right. It is an inherent and essential attribute of the original property. The title to the increment rests in the law of nature. It is the same with that of the owner of a tree to its fruits, and of the owner of flocks and herds to their natural increase. The right is a natural, not a civil one. The maxim 'Qui sentit onus debet sentire commodum' lies as its foundation. The owner takes the chances of injury and of benefit arising from the situation of the property. If there be a gradual loss he must bear it; if a gradual gain, it is his. The principle applies alike to streams that do and to those that do not overflow their banks, and where dykes and other defenses are, and where they are not, necessary to keep the water within its proper limits." 3 Wash. on Real Property, 5th Ed., p. 65.

This statement of the law is quoted approvingly by the Supreme Court of the United States in St. Clair County v. Lovingston, 23 Wall.U.S. 46, 59, 23 L.Ed. 59.

Quoting further from 3 Washburn on Real Property p. 64, 5th Ed.: "In respect to land along the shore gained by gradual accretion, as distinguished from some sudden acquisition, it belongs to the owner of the land upon which it forms. When the sea retreats suddenly, and leaves a tract of land uncovered, the same belongs to the crown or the state."

Whether or not the lands claimed by the plaintiff are in fact accretions will depend upon the proof, but the legal question of what are accretions is too well settled to admit of serious controversy. The question of the title to tideland is not involved in this case, nor is the question of littoral rights, as discussed by the defendants' attorney.

It therefore follows that specifications 1, 2 and 3 of the defendants' Ivan Diboff and Maude R. Diboff motion to strike must be denied.

As to specification 4 of the defendants' Ivan Diboff and Maude R. Diboff motion to strike, that also must be denied on the ground, First, that the defendants Ivan Diboff and

Maude R. Diboff have no authority to speak for the defendant the University National Bank of Seattle; and Second, the University National Bank of Seattle is, in my opinion, both a necessary and proper party to a proceeding of this character.

An order may be entered accordingly.