101 So.2d 801 (1958)
Percy S. WILSON and Alda C. Wilson, his wife, Appellants,
v.
Anne Snyder DUNLAP, joined by her husband, Dale Dunlap, for the use and benefit of Ollie Mae Nevels, Trustee, Appellees.
Supreme Court of Florida.
April 2, 1958.
*802 Sam Y. Allgood, Jr., and Otis B. Russell, Jr., New Port Richey, for appellants.
Herbert L. Peterson and Erle B. Askew, St. Petersburg, for appellees.
DREW, Justice.
The appellee, Anne Snyder Dunlap, plaintiff in the court below, was at the inception of this litigation the owner of Lots 21 and 22 in a subdivision known as Pinellas Groves, located in Pinellas County and shown upon a plat in the public records of that county, as follows:

*803 The plat in question, by reference to which sale was made to predecessors in title of the plaintiff Dunlap, was a composite one covering not only the subdivision here involved but also adjacent areas platted by the subdivider.
As shown by the diagram, plaintiff's lots abut upon a strip of land approximately 100 feet in width running between the subdivision and Boca Ciega Bay, this strip being designated at various points on the plat as "Beach" and "Beach Parkway." Subsequent to the sale of all lots in the subdivision, the surviving representatives of the original corporate grantor conveyed to the defendants, Percy and Alda Wilson, defendants below, as follows:
"All land, submerged land and accretions lying between the Southerly property lines of [the lots described] extended to navigable water in Boca Ciega Bay * * * including whatever right, title and interest grantors have in that certain strip designated as `Beach' * * *"
By a bill to cancel this deed, plaintiff set forth the above facts and claimed that by making sales with reference to such a plat the original grantor had divested itself of every right, title or interest in the contested strip and vested the fee in the owners of contiguous lots, "who had purchased the same on the faith of the representation contained on said plat that said strip of land constituted a Beach, subject only to the easement for public purposes." It was further claimed that riparian rights were vested in plaintiff by reason of her ownership of the fee of said Beach. By an amendment to the bill plaintiff alleged for the first time that the contested strip was intended to be a roadway for the use and benefit of the owners of lots abutting thereon. Defendants' answer denied that the plat showed the marginal land as a roadway or that sale of the lots by the plat amounted to a representation that they were waterfront lots, and claimed also to be the owners of riparian rights incident to the beach area.
In support of motion for summary decree, the plaintiff submitted two affidavits, her own to the effect that she purchased the lots "by reason of the proximity thereof to the waters of Boca Ciega Bay, inasmuch as the plat * * * designated the open strip of land South of said lots and contiguous thereto, as a beach and beach parkway," and an affidavit of a county engineer stating his opinion that the strip in question was laid out and intended to be a street or roadway, based on reference to attached copies of the plat above shown and the physical facts as to ingress and egress indicated thereon. No counter affidavits were submitted by defendants, and upon hearing on plaintiff's motion a final summary decree was entered against defendants.
The court found as a fact "that said strip of land was and is intended as a roadway or street," and duly decreed that the conveyance of contiguous lots to plaintiff's predecessor "conveyed the fee simple title in and to the roadway * * * subject only to the easement for roadway or street," vesting in the grantee, and, through mesne conveyances, in the plaintiff, riparian rights as an incident to such fee. The deed purporting to convey to defendants the corporate grantor's residual interest in the strip was accordingly cancelled and defendants enjoined from asserting any right or interest in the beach area.
Neither party has at any time, in the proceeding below or upon this appeal, contested the existence of an "easement for public purposes" in the marginal strip, and there is no assertion that public rights of user have been infringed. The only question is whether the marginal strip on the shore was intended to be set aside for roadway purposes, so as to imply a grant of the fee to at least a portion of the street area as an incident to the conveyance of abutting lots to plaintiff's predecessor. See Smith v. Horn, 70 Fla. 484, 70 So. 435.
If the area had been designated simply "beach," there can be no doubt that plaintiff could not prevail, for in that situation *804 the law does not imply a grant of the fee or any exclusive rights to abutting owners, but creates instead an easement in favor of all purchasers in the subdivision, abutting or otherwise. McCorquodale v. Kayton, Fla., 63 So.2d 906. The subdivider is left with a subservient fee, estopped of course to exercise any rights in the area which will interfere in any way with the enjoyment of the easement by those entitled thereto. Nothing in that doctrine, however, will prevent a conveyance of this residual fee by the original grantor to another party, for the presumption would be that the grantee took title in full recognition of the easement with which it is encumbered. No cause of action could arise out of such a conveyance unless and until the easement was in some way impaired by action or conduct of the grantee.
This the plaintiff would apparently concede, but she proceeds on the theory that the labeling of the marginal strip as "beach parkway" as well as "beach," along with the physical facts as to ingress and egress and relative location of arterial connections, indicates dedication for street purposes. She then attempts to extend the doctrine of Smith v. Horn, supra, so as to imply a grant, to herself through her predecessors in title, of the fee to the entire street area extending to the water, as an incident to the conveyance of the abutting upland lots. In the analogous situation of lots in a subdivision separated from lands of a third party by a street or roadway entirely on the land of the grantor, this argument has prevailed. Elliott on Roads and Streets, 4th ed., Vol. 2, sec. 918. Vol. 8 Am.Jur. Boundaries, sec. 43. But the authorities are divided on the point of whether a conveyance of a lot described as or shown on a plat to be separated from navigable water by a street will operate to vest in the grantee the grantor's fee to the entire street area, subject only to the easement for public passage. Banks v. Ogden, 2 Wall. 57, 69 U.S. 57, 17 L.Ed. 818; City of Demopolis v. Webb, 87 Ala. 659, 6 So. 408; Irvin v. Crammond, 58 Ind. App. 540, 108 N.E. 539; Ocean City Hotel & Development Co. v. Sooy, 77 N.J.L. 527, 73 A. 236. Note: 22 L.R.A., N.S., 674. Contra: Gifford v. Horton, 54 Wash. 595, 103 P. 988. Annotation 123 A.L.R. 553, 49 A.L.R.2d 999. See Marshall v. Hartman, 104 Fla. 143, 139 So. 441; Caples v. Taliaferro, 144 Fla. 1, 197 So. 861, indicating sanction of the rule that, aside from any question of estoppel against a grantor to deny a public right or use, the description in a conveyance of property as bounded by a street negatives any intent to convey water frontage, and such a conveyance accordingly will not, in the absence of an express provision, warrant an implication or presumption of a grant beyond the center of the street so as to carry the grantee's boundary to the water.
While the arguments in this respect are academically interesting, we do not think the point can properly be decided at this stage of the litigation under consideration. The essential error in appellee's contentions, adopted by the court below in disposing of the case on motion for summary decree, is the idea that any indication on the plat that an incidental use of the marginal strip for street purposes was contemplated would prevent application of the rule of the McCorquodale case, supra.
That opinion, as already noted, fully delineates the rule established by our decisions that in the case of areas set aside on a plat for multiple public uses, abutting owners have an easement in common with other purchasers in the subdivision for whatever uses may be indicated under the circumstances, but in the ordinary situation no grant of the fee to contiguous property owners will be implied as in the case of streets or roadways. We think the rationale of that and similar decisions clearly governs the rights and duties of parties dealing with any area platted for such multiple public uses, even though the area may serve at the same time as a public way for purposes of ingress and egress or general travel. An abutting owner in this situation would therefore be vested with the right of *805 full use and enjoyment in common with other purchasers and could properly object to any act of the subdivider or others in derogation thereof. He would not, however, have an implied fee in the area so as to be entitled to object to or have cancelled a mere conveyance of such subservient fee by his grantor.
The chancellor in the instant case could not, therefore, have rendered a decree for plaintiff in the instant case, under either of the opposing rules heretofore outlined with reference to implied grant of a subservient fee beyond the center of a street, without a specific finding that the marginal area was intended for street purposes exclusively, or was not reasonably susceptible of any but roadway uses and that accordingly no other meaning could be ascribed to the designations on the plat. If that should be so determined, then the law applicable to streets and roadways would control, and the court will be called upon to adopt or apply one or another of the aforementioned lines of authority. But such a finding of fact based on little more than the face of the plat above described is manifestly improper.
This Court has long been committed to the doctrine that if a plat "is complete in itself, and free from ambiguity, it will control; but, if ambiguous, extrinsic evidence may be received in its aid." Porter v. Carpenter, 39 Fla. 14, 21 So. 788, 790. The instant case aptly illustrates the latter situation. The cause should be reversed for entry of an order denying the plaintiff's motion for summary decree, and for submission of evidence on this issue.
Both parties assume, and the decree of the court so finds, that in spite of any outstanding easement with which the disputed area may be burdened, riparian rights would nevertheless be vested in one or another of the parties litigant as an incident to the ownership of the fee in the beach area. In this connection see City of Tarpon Springs v. Smith, 81 Fla. 479, 88 So. 613; Brickell v. Town of Ft. Lauderdale, 75 Fla. 622, 78 So. 681; Marshall v. Hartman, supra; annotation 22 L.R.A.,N.S., 674, supra. "Wherever the street * * * touches or approximately touches the body of the * * * river, the riparian rights that are appropriate to a street easement were also impliedly dedicated as an incident; there being no express or implied reservation by the dedicator of such riparian rights." City of Tarpon Springs v. Smith, supra [81 Fla. 479, 88 So. 621]. Thus, even assuming such issues to be within the scope of an ordinary statutory bill to cancel a deed of the fee which does not refer to riparian rights, it should be noted that the cited cases would prevent or severely restrict the exercise of private littoral rights whether the easement in the marginal strip is for street or other purposes.
Reversed and remanded for further proceedings not inconsistent with these views.
TERRELL, C.J., and THOMAS, THORNAL and O'CONNELL, JJ., concur.